FILED
JAN 0 2 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

Nash Finch Company,

    Plaintiff,

vs.

Noller's, Inc.,

    Defendant.

Case No.: 08 C 50 0 03

Judge Reinhard

## COMPLAINT

Plaintiff Nash Finch Company ("Nash Finch"), states the following for its Complaint against Noller's, Inc. ("Noller's"):

### PARTIES

1. Nash Finch is a Minnesota corporation with its principal place of business in Edina, Minnesota.

2. Noller's is an Illinois corporation with its principal place of business in Lena, Illinois.

3. James Noller is the owner of and registered agent for Noller's.

### JURISDICTION AND VENUE

4. This Court has diversity jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332, as the Parties are citizens of different states and Nash Finch's alleged damages exceed $75,000 exclusive of interest and costs.

5. Venue is proper in the Northern District of Illinois, Western Division, in that the allegations described herein relate to property located in Lena, Illinois, which is in Stephenson County, Illinois.

## FACTUAL ALLEGATIONS

6. Nash Finch is a wholesale distributor of groceries.

7. During the relevant time period, Noller's owned and operated a grocery store located in Lena, Illinois ("the Grocery Store").

8. Nash Finch and Noller's ("the Parties") entered into several written agreements pertaining to the purchase, financing, and operation of the Grocery Store.

9. On or about June 9, 2004, the Parties entered into a Retail Sales and Service Agreement ("the Agreement"). A true and correct copy of the Agreement is attached hereto as Exhibit A.

10. Pursuant to the Agreement, Noller's was required to purchase 50% of its groceries from Nash Finch through the term of the Agreement.

11. Pursuant to paragraph 25 of the Agreement, the Agreement remains in effect through the longer of: (a) April 12, 2012; or (b) as long as Noller's owes any debt to Nash Finch.

12. The Parties performed consistent with the Agreement until March 2007.

13. On or about March or April 2007, Noller's sold the Grocery Store to J.B. Sullivan, Inc., an Illinois corporation. Upon information and belief, Noller's received in excess of $2,750,000 from that sale.

14.     Following the sale of the Grocery Store, Noller's ceased purchasing any product from Nash Finch. But Nash Finch remained ready and able to perform under the Agreement.

15.     Pursuant to paragraph 30 of the Agreement, a sale of the Grocery Store does not affect Noller's obligation to purchase product from Nash Finch.

16.     Also pursuant to paragraph 30 of the Agreement, in the event of a sale of the Grocery Store, any open account balance and any other debt owed by Noller's becomes immediately due and payable to Nash Finch.

17.     Pursuant to paragraph 27 of the Agreement, Nash Finch sent Noller's a statement demanding immediate payment of its lost profits through the term of the Agreement. A true and correct copy of that statement is attached hereto as Exhibit B.

18.     Nash Finch sent Noller's a second statement demanding immediate payment of its lost profits through the term of the Agreement. A true and correct copy of that statement is attached hereto as Exhibit C.

19.     Noller's refuses to pay the monies it owes Nash Finch under the Agreement. Nash Finch has and continues to suffer damages as a result of Noller's conduct, including its breaches, actions, and inactions.

20.     The Agreement provides no jury trial shall be provided for these types of disputes.

## CAUSES OF ACTION

### COUNT I: BREACH OF CONTRACT

21. For its first cause of action against Noller's, Nash Finch incorporates paragraphs 1 through 20 above and further states as follows.

22. The actions of Noller's described above constitute a breach of the Agreement.

23. As a result of this breach of the Agreement, Nash Finch has lost profits in excess of $75,000 and believed to be in excess of $380,000.

### COUNT II: PROMISSORY ESTOPPEL

24. For its second cause of action against Noller's, Nash Finch incorporates paragraph 1 through 22 above and further states as follows.

25. Nash Finch entered into the Agreement with Noller's based upon the explicit or implicit representation of Noller's that the Grocery Store would continue to operate through the term of the Agreement.

26. Nash Finch relied on the representation of Noller's in entering into the Agreement to Nash Finch's detriment in that Nash Finch did not enter into similar agreements with other grocery stores in the Lena, Illinois area during this timeframe due to the existence of the Agreement with Noller's.

27. Noller's should be estopped from claiming that Nash Finch did not rely on the actions of Noller's.

28. As a result of Nash Finch's reliance on Noller's, Nash Finch suffered damages in excess of $75,000 and believed to be in excess of $380,000.

## REQUESTED RELIEF

WHEREFORE, for the foregoing reasons, Plaintiff Nash Finch Company requests the following relief:

1. Damages for breach of the Agreement, including but not limited to lost profits, in excess of $380,000, in an exact amount to be determined by the Court;

2. Damages related to the promissory estoppel claim in excess of $75,000, in an exact amount to be determined by the Court;

3. Appropriate equitable relief;

4. Attorney's fees and costs; and

5. Such further relief as the Court deems just and proper.

Respectfully submitted,

Dated: January 2, 2008

Barbara Jean D'Aquila, MN Bar # 2112X
*Pro Hac Vice Motion to be filed*
Cynthia A. Bremer, MN Bar #273119
IL Reg. #6226599
*Pro Hac Vice Motion to be filed*
**FULBRIGHT & JAWORSKI L.L.P.**
Suite 2100, IDS Center,
80 South Eighth Street
Minneapolis, MN 55402
Telephone: 612-321-2222
Facsimile: 612-321-2288

s/ Martin K. LaPointe
Martin K. LaPointe, IL Bar #6195827
Alexander D. Marks IL Bar #6283455
**BURKE, WARREN, MACKAY & SERRITELLA, P.C.**
330 N. Wabash Avenue, 22nd Floor
Chicago, IL 60611-3607
Telephone: 312-840-7000
Facsimile: 312-840-7900
***Attorneys for Plaintiff Nash Finch Company***